The undersigned have reviewed the decision and order based upon the record of the proceedings before the deputy commissioner.
The appealing party has shown good grounds to reconsider the evidence. Upon much detailed reconsideration of the record as a whole, the undersigned reach similar facts and conclusions as those reached by the deputy commissioner, with some major modifications. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties at the initial hearing as
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has the jurisdiction over the parties and the subject matter.
2. The parties are correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. Ronald E. Jones, Larry A. Johnson and Officer Stephenson were employees of the North Carolina Department of Correction on October 26, 1995 and at all pertinent times relating to this action.
4. The date in question giving rise to this claim is October 26, 1995.
 RULINGS ON PENDING MOTIONS
On April 11, 1996 and at the initial hearing, defendant filed a Motion to Dismiss. This Motion was taken under advisement at the beginning of the initial hearing and was denied.
 ***********
Based upon all of the competent, credible, and convincing evidence adduced at the initial hearing, the undersigned make the following additional
 FINDINGS OF FACT
1. At the time of the initial hearing, plaintiff was thirty-seven years old and had received a high school education and two years of college study. Plaintiff was incarcerated in the North Carolina Department of Correction for one count of armed robbery and for one count of kidnapping.
2. Prior to plaintiff's current period of incarceration, he had been in an automobile accident and sustained severe injuries as a result of that accident. Plaintiff had previously sustained a heart attack and at the time of his admission to the North Carolina Department of Correction, plaintiff had sutures in his chest as a result of surgery relating to the automobile accident.
3. Plaintiff entered the North Carolina Department of Correction in October, 1995. During his medical evaluation, the medical staff at the Piedmont Correctional Institution recommended that plaintiff be placed in a lower bunk because of his multiple health problems.
4. Plaintiff was given a copy of the medical notification slip for his records and use.
5. The normal procedure after making recommendation for a lower bunk was that the recommendation was given to a nurse in the medical facility who then forwarded the recommendation to the records department. Upon receipt of the notification, the records department would schedule a lower bunk for the inmate.
6. There was a breakdown between the nurse in the medical facility and the records facility. Plaintiff was not scheduled by the records department to be placed on a lower bunk.
7. Plaintiff was placed on a top bunk and upon this assignment, plaintiff notified the guards that he was to be placed on a lower bunk.
8. North Carolina Department of Correction policies and procedures do not allow officers to place inmates on lower bunks. These assignments are made based upon recommendations by the medical staff and the actual assignments are made by the records department. The officers did not receive notification from the records department that plaintiff should be placed on a lower bunk.
9. On October 26, 1995, plaintiff was requested to get off his bunk in order to go to Central Prison to see a cardiologist. As plaintiff was getting off his bunk, he fell to the floor. Plaintiff landed on his back, and his head snapped forward. Plaintiff experienced pain in his lower back and legs as a result of the fall.
10. An officer and two inmates carried plaintiff to a gurney. Plaintiff was taken to the medical facility at the Piedmont Correctional Institution.
11. At the Piedmont Correctional Institution Medical Center, plaintiff was x-rayed and placed on twenty-four hours observation.
12. Plaintiff requested that he be released because he was unable to smoke in this medical facility. Upon plaintiff's request, he was released from the medical facility at the Piedmont Correctional Institution.
13. At the time plaintiff was assigned to a top bunk, there were lower bunks available within his dormitory.
14. From October 12, 1995, the day plaintiff was assigned to a lower bunk by the Medical Department, until October 26, 1995, the date of the incident giving rise to this claim, plaintiff failed to notify the guard supervisor or to notify the superintendent that he had not been placed on a lower bunk. Plaintiff did, however, notify the guard.
15. Plaintiff did not request to return to the medical facility in order to clarify the designation of a lower bunk from October 12, 1995 until October 26, 1995.
16. The Department of Correction and its named employee, Ronald E. Jones, had not implemented established policies and procedures relating to assignment of beds to inmates with health problems. The normal policies and procedures were carried out, and plaintiff was placed on a top bunk which was in violation of the medical assignment given on October 12, 1995.
17. However, while it may have been foreseeable that an inmate with sutures and other automobile accident injuries and prior heart problems would have aggravated these conditions by not being placed on the bottom bunk, it could not have been reasonably forseeable to defendant that plaintiff would fall from the top bunk and thereby injure his lower back and legs. The failure to transmit the lower bunk assignment was not the proximate cause of the plaintiff's leg and back injuries, in that the assignment to a lower bunk was merely meant to guard against further aggravation of plaintiff's automobile injuries and his prior heart condition. The injuries which resulted from the fall were not the ones that the lower bunk order was intended to prevent. Anyone placed on a top bunk could have suffered such injuries as the plaintiff suffered in the fall.
18. Even assuming, arguendo, that defendant was negligent, plaintiff would have been contributorily negligent for his injuries in that he failed to notify the officer's superiors as to his not being assigned to a lower bunk. Plaintiff would have also been contributorily negligent by not notifying the administration, Ronald E. Jones, Superintendent, or the Medical Officer, Wayne Harp, that the medical notification had not been sent to his dormitory. Plaintiff had received this medical notification, and inmates are aware that they could notify administrators when it appears that policies and procedures are not being implemented. Plaintiff had failed to do so at any time prior to the accident-giving rise to this injury. Further, the plaintiff had also been seen for medical treatment at least twice during this period of time and had failed to mention the bunk mix-up.
19. Plaintiff's contributory negligence would have barred any recovery in this matter.
20. Finally, any damages in this matter would have been nominal in that there is no credible or convincing evidence of any residual problems relating to the incident giving rise to this claim.
 ***********
The foregoing stipulations and findings of fact engender the following additional
 CONCLUSIONS OF LAW
1. Defendant's failure to place plaintiff on a lower bunk was not the proximate cause of plaintiff's injuries to his back and legs, in that they were not a foreseeable consequence of the failure to place him on a bottom bunk. N.C. Gen. Stat. § 143-291et. seq.
2. Even assuming, arguendo, that defendant was negligent, plaintiff would have been found contributorily negligent for his injuries and would have been barred from any recovery relating to said injuries. N.C. Gen. Stat. § 143-291, et seq.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the undersigned enter the following
 ORDER
1. Under the law, plaintiff's claim must be, and the same is, DENIED.
Each side shall bear its own costs.
This case is HEREBY REMOVED from the Full Commission hearing docket.
This the ___ day of ___, 1998.
 S/ ________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/ ______________________ RENÉE C. RIGGSBEE COMMISSIONER